UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

**COLE SCHOTZ P.C.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
Warren A. Usatine, Esq.
wusatine@coleschotz.com
Felice R. Yudkin, Esq.
fyudkin@coleschotz.com
Rebecca W. Hollander, Esq.
rhollander@coleschotz.com
(201) 489-3000
(201) 489-1536 Facsimile

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

**Order Filed on July 15, 2020
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

In re

CONGOLEUM CORPORATION,

Debtor.[1]

Chapter 11
Case No. 20-18488 (MBK)

**Hearing Date and Time:**
 August 6    , 2020, at 10:00a .m. (EST)

## INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING THE DEBTOR TO MAINTAIN AND ADMINISTER PRE-PETITION CUSTOMER PROGRAMS AND PAY AND HONOR RELATED OBLIGATIONS

The relief set forth on the following pages, numbered two (2) through six (6), is hereby **ORDERED**.

**DATED: July 15, 2020**

Honorable Michael B. Kaplan
United States Bankruptcy Judge

(Page 2)

Debtor:                        **CONGOLEUM CORPORATION**
                               20-18488 (MBK)
                               INTERIM ORDER PURSUANT TO <u>11 U.S.C. §§ 105(a)</u> AND <u>363(b)</u>A
                               UTHORIZING THE DEBTOR TO MAINTAIN AND ADMINISTER P
                               RE-PETITION CUSTOMER PROGRAMS AND PAY AND HONOR
                               RELATED OBLIGATIONS

Upon the motion (the "**Motion**")[2] of Congoleum Corporation, as debtor and debtor in

possession in the above-captioned chapter 11 case (the "**Debtor**"), pursuant to sections 105(a)

and 363(b) of the Bankruptcy Code, for entry of an order (i) authorizing, but not directing, the

Debtor, in the ordinary course of business and consistent with past practice to maintain,

administer, pay, and otherwise honor its pre-petition Customer Programs, whether arising prior

to or after the Petition Date, as necessary and appropriate in the Debtor's business judgment and

(ii) authorizing and directing financial institutions to receive, process, honor, and pay checks

presented for payment and electronic payment requests relating to the foregoing to the extent the

Debtor has sufficient funds standing to its credit with such financial institutions, all as more fully

set forth in the Motion; and the Court having jurisdiction to decide the Motion and the relief

requested therein in accordance with <u>28 U.S.C. §§ 157(a)-(b)</u> and <u>1334(b)</u>; and consideration of

the Motion and the relief requested therein being a core proceeding pursuant to <u>28 U.S.C. §</u>

<u>157(b)</u>; and venue being proper before this Court pursuant to <u>28 U.S.C. §§ 1408</u> and <u>1409</u>; and

notice of the Motion having been given as provided in the Motion, and such notice having been

adequate and appropriate under the circumstances; and it appearing that no other or further notice

of the Motion need be provided; and the Court having held a hearing to consider the interim

relief requested in the Motion (the "**Hearing**"); and upon the *Declaration of Christopher*

---

[2] Capitalized terms not otherwise herein defined shall have the meanings ascribed to such terms in the Motion.

(Page 3)
Debtor:             CONGOLEUM CORPORATION
Case No.            20-18488 (MBK)
Caption of Order:   INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b)A
                    UTHORIZING THE DEBTOR TO MAINTAIN AND ADMINISTER P
                    RE-PETITION CUSTOMER PROGRAMS AND PAY AND HONOR
                    RELATED OBLIGATIONS

*O'Connor in Support of Debtor's Chapter 11 Petition and First Day Pleadings,*, the record of

the Hearing, and all of the proceedings had before the Court; and the Court having found and

determined that the relief sought in the Motion and granted herein is necessary to avoid

immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule

6003, and is in the best interests of the Debtor, its estate and creditors, and all parties-in-interest,

provides a net benefit to the Debtor and its estate after taking into account the priority scheme of

the Bankruptcy Code, and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor,

      **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** on an interim basis  to the extent set forth herein.

2.      The Debtor is authorized, but not directed, pursuant to sections 105(a) and 363(b)

of the Bankruptcy Code, to maintain and administer the Customer Programs and honor any

related pre-petition obligations in the ordinary course of business and consistent with past

practice, as necessary and appropriate in the Debtor's business judgment; provided that the

Debtor is authorized, but not directed, to pay only amounts due and payable as of the Petition

Date and amounts that are or become due and payable between the Petition Date and the date

that a final order on the Motion is entered, unless otherwise ordered by this Court.

(Page 4)
Debtor:            CONGOLEUM CORPORATION
Case No.           20-18488 (MBK)
Caption of Order:  INTERIM ORDER PURSUANT TO <u>11 U.S.C. §§ 105(a)</u> AND <u>363(b)</u>
                   AUTHORIZING THE DEBTOR TO MAINTAIN AND ADMINISTER
                   PRE-PETITION CUSTOMER PROGRAMS AND PAY AND HONOR
                   RELATED OBLIGATIONS

3.    In accordance with this interim order (the "**Interim Order**") (or other order of this Court), each of the financial institutions at which the Debtor maintain its accounts relating to the payment of the obligations described in the Motion is authorized and directed to (i) receive, process, honor, and pay all checks presented for payment and to honor all fund transfer requests made by the Debtor related thereto, to the extent that sufficient funds are on deposit in those accounts and (ii) accept and rely on all representations made by the Debtor with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated prior to, on, or subsequent to the Petition Date, without any duty to inquire otherwise.

4.    The Debtor is authorized, but not directed, to issue new post-petition checks, or effect new electronic funds transfers, on account of pre-petition Customer Programs to replace any pre-petition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtor's chapter 11 case.

5.    Any payment made or to be made under this Interim Order, and any authorization contained in this Interim Order, shall be subject to the terms of any orders authorizing the Debtor to incur debtor-in-possession financing and use cash collateral entered by this Court in this chapter 11 case.

(Page 5)
Debtor:            CONGOLEUM CORPORATION
Case No.           20-18488 (MBK)
Caption of Order:  INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b)
                   AUTHORIZING THE DEBTOR TO MAINTAIN AND ADMINISTER
                   PRE-PETITION CUSTOMER PROGRAMS AND PAY AND HONOR
                   RELATED OBLIGATIONS

6.      Nothing in the Motion or this Interim Order shall be deemed to authorize the

Debtor to accelerate any payments not otherwise due prior to the date of the hearing to consider

entry of an order granting the relief requested in the Motion on a final basis (the "**Final**

**Hearing**").

7.      Nothing contained in the Motion or this Interim Order or any payment made

pursuant to the authority granted by this Interim Order is intended to be or shall be construed as

(i) an admission as to the validity of any claim against the Debtor, (ii) a waiver of the Debtor's or

any party-in-interest's rights to dispute any claim, or (iii) an approval or assumption of any

agreement, contract, program, policy, or lease under section 365 of the Bankruptcy Code.

8.      Notwithstanding entry of this Interim Order, nothing herein shall create, nor is

intended to create, any rights in favor of or enhance the status of any claim held by any party.

9.      The requirements of Bankruptcy Rule 6003(b) have been satisfied.

10.     The requirements of Bankruptcy Rule 6004(a) are waived.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this

Interim Order shall be immediately effective and enforceable upon its entry.

12.     The Final Hearing on the Motion shall be held on August 6_____, **2020, at** 10:00

 **_a_m. (Eastern Time)** and any objections or responses to the Motion shall be in writing, filed

with the Court, with a copy to chambers, and served upon (i) the proposed attorneys for the

Debtor, Cole Schotz P.C., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07602

(Page 6)

| | |
|---|---|
| Debtor: | CONGOLEUM CORPORATION |
| Case No. | 20-18488 (MBK) |
| Caption of Order: | INTERIM ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AUTHORIZING THE DEBTOR TO MAINTAIN AND ADMINISTER PRE-PETITION CUSTOMER PROGRAMS AND PAY AND HONOR RELATED OBLIGATIONS |

(Attn: Warren A. Usatine, Esq., Felice R. Yudkin, Esq., and Rebecca W. Hollander, Esq.); and (ii) the Office of the United States Trustee for Region 3, One Newark Center, 1085 Raymond Boulevard, Suite 2100, Newark, New Jersey 07102, in each case so as to be received no later than **4:00 p.m. (Eastern Time) on** August 3 **, 2020.**

13.    This Interim Order is effective only from the date of entry through this Court's disposition of the Motion on a final basis; provided that the Court's ultimate disposition of the Motion on a final basis shall not impair or otherwise affect any action taken pursuant to this Interim Order.

14.    Any party may move for modification of this Order in accordance with D.N.J. LBR 9013-5(e).

15.    A true copy of this Order shall be served on all required parties pursuant to D.N.J. LBR 9013-5(f).

16.    The Debtor is authorized to take all action necessary to carry out this Interim Order.

17.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Interim Order.