| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Eitan D. Blanc, Esquire<br>**Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.**<br>2005 Market Street, 16th Floor<br>Philadelphia, PA 19103<br>215-569-2800<br>edblanc@zarwin.com<br><br>*Counsel for DVL, Inc. and DVL Kearny Holdings, LLC* | |
| In Re:<br><br>CONGOLEUM CORPORATION,<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 20-18488 (MBK)<br><br>Hearing Date:  August 13, 2020 at 11:00 A.M. |

**OBJECTION OF DVL, INC. AND DVL KEARNY HOLDINGS, LLC
TO DEBTOR'S MOTION FOR ENTRY OF AN ORDER (I) ESTABLISHING
DEADLINES TO FILE PROOFS OF CLAIM AGAINST THE DEBTOR, INCLUDING
BUT NOT LIMITED TO CLAIMS ARISING UNDER SECTION 502(b)(9) OF THE
BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE OF
THE BAR DATES, AND (III) GRANTING RELATED RELIEF**

Parties-in-interest, DVL, Inc. and DVL Kearny Holdings, LLC (together "DVL"), bring limited objections to "Debtor's Motion for Entry of An Order (I) Establishing Deadlines to File Proofs of Claim Against the Debtor, Including But Not Limited To Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (II) Approving the Form And Manner of Notice of the Bar Dates, And (III) Granting Related Relief" (docket nos. 76, 76-1, 76-2, 76-3 and 76-4) (the "Bar Date Motion").  For the reasons stated below, DVL seeks to have the proposed September 21,

---

[1] The last four digits of the Debtor's federal tax identification number are 8678.  The Debtor's corporate headquarters is located at 3500 Quakerbridge Road, Mercerville, New Jersey 08619.

1

2020 general proof of claim bar date tolled as to DVL until after the "Notice of Motion of DVL, Inc. and DVL Kearney Holdings, LLC for Entry of An Order Granting Relief from the Automatic Stay Pursuant to Section 362 of the Bankruptcy Code" (docket nos. 73, 73-1- 73-7) (the "Stay Motion") is decided and DVL's claims against the Debtor in *DVL, Inc. and DVL Kearny Holdings, LLC v. Congoleum Corporation v. Bath Iron Works Corporation*, United States District Court for the District of New Jersey, Civil Action No. 2:17-cv-04261 (KM) (JBC) (the "District Court Action") can be adjusted and liquidated in the District Court.

## I. JURISDICTION, VENUE AND STATUTORY PREDICATES

1. DVL admits only: (a) that the District Court has original jurisdiction over the Debtor's chapter 11 case pursuant to 28 U.S.C. § 1334(a) and that the "district court my provide that any and all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district;" (b) that the District Court entered a Standing Order of Reference on July 23, 1984, amended on September 18, 2012, referring title 11 matters to the bankruptcy judges for the district; (c) that the Bar Date Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A); and (d) that venue is proper in this district with respect to the Bar Date Motion and this Objection pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtor has filed its chapter 11 petition in this district. All other allegations with respect to jurisdiction and venue in the Bar Date Motion are denied.

2. DVL admits only that the Bar Date Motion seeks relief pursuant to §§ 105(a) and 501 of the Bankruptcy Code and Fed. R. Bankr. Pro. 2002, 3003 and 9008. As explained below, DVL denies that the Debtor is entitled to relief under those provisions with respect to DVL.

## II. BACKGROUND

3. On July 13, 2020 (the "Petition Date"), the Debtor filed a voluntary bankruptcy petition under chapter 11 of the Bankruptcy Code commencing this title 11 case (the "Bankruptcy Case"). *See Docket. No. 1.*

4. DVL admits that the Debtor is operating its business and managing its property as a debtor-in-possession pursuant to §§ 1007(a) and 1108 of the Bankruptcy Code and that as of the filing of the Bar Date Motion, no request has been made for the appointment of a trustee or an examiner.

5. DVL admits that a description of the Debtor's business and certain facts allegedly precipitating this title 11 case was submitted by the Debtor in the Declaration of Christopher O'Connor In Support of Debtor's Chapter 11 Petition and First Day Pleadings (the "First Day Declaration"). DVL has no personal knowledge of the facts contained in the First Day Declaration.

6. DVL admits that the Debtor has presented a description of its business in the First Day Declaration. DVL has no personal knowledge of the facts contained in the First Day Declaration.

### III.    RELIEF REQUESTED AND BASIS THEREFOR

7. In the Bar Date Motion, the Debtor seeks, among other things, a general proof of claim filing deadline of September 21, 2020, "by which all creditors, including creditors asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code, other than governmental units (as defined in section 101(27) of the Bankruptcy Code), must file proofs of claim (the 'General Bar Date')". *See* Bar Date Motion at ¶ 7. The Debtor seeks an Order that any entity which does not file a proof of claim by the bar date is thereafter barred from, *inter alia,* receiving any distribution from the Debtor's estate. *See* Bar Date Motion at ¶ 16. DVL has recently filed its Stay Relief Motion seeking to have the District Court Action proceed in the District Court so that the question

of the Debtor's liability to DVL and the amount of damages owed to DVL can be adjusted and liquidated there. DVL's Stay Motion is currently scheduled for hearing on August 13, 2020 at 10:00 a.m. Within this opposition DVL seeks to extend or toll the proposed General Bar Date with respect to DVL.

### The Proposed Bar Dates

8. The proposed General Bar Date of September 21, 2020 will not allow DVL sufficient time to file a proof of claim in the Debtor's case because it will not allow sufficient time for DVL's Stay Motion to be decided and for its claims against the Debtor in the District Court Action, and those of the non-Debtor third-party in the District Court Action, to be adjusted and liquidated. Filing a proof of claim on or before the General Bar Date could also force DVL to face an argument that it has unwillingly waived its right to a jury trial in the District Court Action, a right which it has timely asserted there. *Langenkamp v. Culp*, 498 U.S. 42 (1990); *In re Exide Techs.,* 544 F.3d 196, 214 (3d Cir. 2008).

9. To preserve its right to a jury trial, DVL asks this Court to extend or toll the General Bar Date proposed by the Debtor with respect to DVL's claims, and to that extent DVL objects to the proposed deadlines set forth in the Bar Date Motion. In the Stay Motion, DVL seeks an Order allowing the District Court to proceed to judgment, thus liquidating DVL's claims against the Debtor, with the understanding that DVL shall take no action to collect on any judgment from the Debtor except through this Bankruptcy proceeding. The Stay Motion does seek to allow DVL to collect from insurance proceeds or from non-Debtor parties.

### Proposed Procedures for Providing Notice of the Bar Dates

10. As noted, DVL objects to the Bar Date Motion, including the procedures proposed, to the extent they apply to DVL. Given that DVL's Stay Motion remains pending and seeks relief

from the automatic stay so that the District Court Action can proceed and, among other things, so that DVL's claims against the Debtor can be adjusted and liquidated, DVL requests that the Bar Date Motion be denied as to DVL and/or that the General Bar Date not be imposed against DVL and/or that it be stayed or tolled as to DVL pending a decision on the Stay Motion and the adjustment and liquidation of DVL's claims in the District Court Action. *See* Fed. R. Bankr. Pro. 3003 (c)(3) (the Court can fix and, for cause, extend the time within which proofs of claim or interest may be filed). As explained in DVL's Stay Motion, DVL is an interested party which has had pending environmental litigation against the Debtor in the District Court since June 12, 2017, when DVL commenced the District Court Action. In the District Court Action, DVL seeks monetary damages as a result of DVL's remediation of environmental contamination on property previously owned by the Debtor. *See* Stay Motion at ¶¶ 4-6; Twardowski Certification in Support of Stay Motion at Exhibits "B" and "C." In the District Court Action, the Debtor has contended that historical environmental liabilities that gave rise to DVL's claim rested not with the Debtor but with Bath Iron Works Corporation ("BIW"), an unrelated entity that years before had been spun off, along with Congoleum, from a common parent company. On October 26, 2017, DVL filed an Amended Complaint asserting claims against BIW as well as against the Debtor. *See* Amended Complaint in the District Court Action, attached to the Twardowski Certification in Stay Motion as Exhibit "B."

**Parties Required to File a Proof of Claim**

11.    As previously stated, DVL seeks relief from the Bar Date Motion to the extent it seeks to require DVL to file a proof of claim before the Stay Motion is decided and before its claims in the District Court Action have been adjusted and liquidated.

12. The Amended Complaint filed in the District Court Action seeks damages exceeding $19 million stemming from PCB contamination at a property in Kearny, NJ previously owned by the Debtor and by BIW. *See* Exhibit "B" to Twardowski Certification in support of the Stay Motion at ¶ 48. DVL asserted statutory causes of action against the Debtor under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et. seq.,* (CERCLA) and New Jersey Spill Compensation and Control Act (the "Spill Act") as well as New Jersey common law causes of action for public nuisance, negligence, strict liability/abnormally dangerous activity, and unjust enrichment. *See* Exhibit "B" to Twardowski Certification in support of the Stay Motion. The Amended Complaint also contains a Jury Demand by DVL. *See* Exhibit "B" to Twardowski Certification in support of the Stay Motion at p. 18. Invariably, the Debtor will assert that the right to a jury trial is lost to DVL if DVL is required to file a proof of claim at this stage.

13. DVL seeks relief from the Bar Date Motion to the extent it seeks to require DVL to file a proof of claim before the Stay Motion is decided and before its claims in the District Court Action have been adjusted and liquidated.

## Amendments to Schedules

14. DVL seeks relief from the Bar Date Motion to the extent it seeks to require DVL to file a proof of claim before the Stay Motion is Decided and before its claims in the District Court Action have been adjusted and liquidated. As of this writing, the Debtor's Schedules have not yet been filed. As set forth in the Stay Motion, DVL's disputes with the Debtor are better off being adjudicated in the District Court for all concerned.

15. DVL seeks relief from the Bar Date Motion to the extent it seeks to require DVL to file a proof of claim before the Stay Motion is Decided and before its claims in the District Court

Action have been adjusted and liquidated. As of this writing, the Debtor's Schedules have not yet been filed and hence the Debtor's position with respect to any DVL claims in the title 11 case is not yet known. For a host of reasons, DVL's dispute with the Debtor is better off for all concerned being decided in the District Court. Over the three years since the District Court Action was commenced, the District Court, through the Honorable James B. Clark, III, has closely supervised and has actively been involved in the litigation. Indeed, the District Court Action has amassed to date one hundred and eighty docket entries. *See* Exhibit "A" to Twardowski Certification in Support of Stay Motion. The District Court conducted multiple status conferences during the course of its handling of the District Court Action. *See* Exhibit "A" to Twardowski Certification at ECF Nos. 61, 65, 82, 89, 119, 136, 149-150, 158, 172. The District Court also considered and denied a motion to dismiss (ECF No. 64) and presided over discovery which included the entry of a Confidentiality Order (ECF No. 50), an order governing discovery of Electronically Stored Information (ECF No. 52), and orders addressing a multitude of discovery disputes. *See e.g.,* Exhibit "A" to Twardowski Certification at ECF Nos. 136, 141, 153, 158, 176. In the District Court Action, fact discovery was conducted and ended on September 29, 2019, after the parties had exchanged over one hundred thousand documents, constituting approximately one million pages. Third-party subpoenas resulted in the production of nearly one million additional pages of documents and twenty-four depositions were conducted. Expert reports and rebuttal reports were exchanged on February 24,2020 and June 8, 2020. Prior to the Debtor's Chapter 11 filing, the parties to the District Court Action were scheduled to commence expert depositions on July 22,

2020, with such depositions continuing nearly every week until the close of expert discovery on September 16, 2020.[2]

### Consequences of Failure to File a Proof of Claim

16. Clearly DVL will be harmed if it is forced to a file a proof of claim by the General Bar Date before its Stay Motion can be decided and before its claims in the District Court Action can be adjudicated there, because the Debtor will likely argue that DVL waived its right to a jury trial as a result. DVL should not be forced to make such a Hobson's choice, especially where relief can be granted in such a manner to protect both the interests of DVL and those of the Debtor, which has participated actively in the District Court Action for a number of years and where the parties were getting close to trial, as detailed above.

### Objections to Claim

17. DVL seeks relief from the Bar Date Motion to the extent it seeks to require DVL to file a proof of claim before the Stay Motion is decided and before its claims in the District Court Action have been adjusted and liquidated. If the Debtor were to object to any proof of claim filed by DVL, a large piece of complex environmental litigation that is well known to the District Court, and has been for approximately three years, will shift forums to the bankruptcy court which will be required to learn the entire case and its substantial record anew.

### IV. WAIVER OF MEMORANDUM OF LAW

18. Because the legal basis on which DVL relies does not raise novel issues of law, and because DVL includes within the opposition the legal arguments which support its opposition, DVL requests that the Court waive any requirement to file a separate memorandum of law.

---

[2] A suggestion of bankruptcy has been filed by the Debtor in the District Court Action. DVL has requested the District Court to adjourn the current expert discovery schedule.

## V.  NO PRIOR REQUEST

19.  No prior request for the relief sought herein has been made to this or any other court.

## VI.  NOTICE

20.  Notice of this opposition has been provided to all of those on the certification of service being filed herewith, as well as upon any party that has requested notice pursuant to Bankruptcy Rule 2002 and which therefore receives electronic notice in this matter.

## CONCLUSION

**WHEREFORE**, DVL respectfully requests that the General Bar Date not be imposed against DVL and/or that it be stayed or tolled as to DVL pending a decision on the Stay Motion and the adjustment and liquidation of DVL's claims in the District Court Action.

Respectfully submitted,

**ZARWIN BAUM DeVITO KAPLAN SCHAER & TODDY P.C.**

By: _/s/ Eitan D. Blanc
Eitan D. Blanc, Esquire
Anthony R. Twardowski Esquire (*admitted Pro Hac Vice*)
Earl M. Forte, Esquire (*Pro Hac Vice Application pending*)
Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.
2005 Market Street, 16th Floor
Philadelphia, PA  19103
Phone: (215) 569-2800
Fax: (215) 569-1606
Email: edblanc@zarwin.com
artwardowski@zarwin.com
emforte@zarwin.com

*Attorneys for DVL, Inc. and DVL Kearny Holdings, LLC*

Dated: August 6, 2020

9