| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>Eitan D. Blanc, Esquire<br>**Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.**<br>2005 Market Street, 16th Floor<br>Philadelphia, PA 19103<br>215-569-2800<br>edblanc@zarwin.com<br><br>*Counsel for DVL, Inc. and DVL Kearny Holdings, LLC* | |
| In Re:<br><br>CONGOLEUM CORPORATION,<br><br>        Debtor.[1] | Chapter 11<br><br>Case No. 20-18488 (MBK)<br><br>Hearing Date: October 8, 2020 at 10:00 a.m. |

**MOTION OF DVL, INC. AND DVL KEARNY HOLDINGS, LLC
FOR RELIEF FROM THE ORDER (I) ESTABLISHING DEADLINES
TO FILE PROOFS OF CLAIM AGAINST THE DEBTOR INCLUDING, BUT
NOT LIMITED TO, CLAIMS ARISING UNDER SECTION 503(b)(9) OF THE
BANKRUPTCY CODE, (II) APPROVING THE FORM AND MANNER OF NOTICE
<u>OF THE BAR DATES, (III) GRANTING RELATED RELIEF (DOCKET NO. 203)</u>**

Parties-in-interest, DVL, Inc. and DVL Kearny Holdings, LLC (together "DVL"), move for relief from the "Order (I) Establishing Deadlines to File Proofs of Claim Against the Debtor Including, But Not Limited To, Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (II) Approving the Form and Manner of Notice of the Bar Dates, (III) Granting Related Relief" [docket no. 203] (the "Bar Date Order"), which expressly permits DVL to seek an extension or non-application of the general bar date of October 15, 2020 (the "General Bar Date"). *Id*. at ¶ 14.

---

[1] The last four digits of the Debtor's federal tax identification number are 8678. The Debtor's corporate headquarters is located at 3500 Quakerbridge Road, Mercerville, New Jersey 08619.

1

DVL moves to have the General Bar Dater extended or tolled as to DVL until after DVL's claims against the Debtor in *DVL, Inc. and DVL Kearny Holdings, LLC v. Congoleum Corporation v. Bath Iron Works Corporation*, United States District Court for the District of New Jersey (the "district court"), Civil Action No. 2:17-cv-04261 (KM) (JBC) (the "District Court Action") can be adjusted and liquidated in the district court either though settlement or adjudication.  In support of this motion, DVL also submits the Certification of Anthony R. Twardowski with exhibits (the "Twardowski Certification").

## JURISDICTION, VENUE AND STATUTORY PREDICATES

1.      The bankruptcy court, as a unit of the district court, has jurisdiction over this motion pursuant to 28 U.S.C. §§ 151, 157 and 1334(a) and is empowered to hear this motion pursuant to the Standing Order of Reference to the Bankruptcy Court Under Title 11 entered by the district court on September 18, 2012.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409 because the Debtor filed its chapter 11 petition in this district.  This motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).  Fed. R. Bankr. 3003(c)(3) also applies.  DVL does not consent to the entry of final orders or judgment by the bankruptcy court with respect to any of the claims or defenses raised in the District Court Action, nor does DVL consent to a jury trial in the bankruptcy court.  None of the claims or defenses raised in the District Court Action are core proceedings.

## RELIEF REQUESTED

2.      DVL requests that the bankruptcy court enter an order granting it relief from the Bar Date Order such that the General Bar Date of October 15, 2020 is tolled as to DVL until after DVL's claims against the Debtor in the District Court Action have been adjusted and liquidated in the district court either by final settlement or final adjudication.

2

## BACKGROUND

**District Court Action**

3. As described in the Twardowski Certification, DVL is an interested party with environmental claims against the Debtor pending in the District Court Action. DVL brought the District Court Action on June 12, 2017, seeking to recover damages for PCB remediation it was required to undertake at its real property located in Kearny, New Jersey (the "Kearny Property"), real property previously owned by the Debtor. *See* Exhibit A, B, Twardowski Certification.

4. In the District Court Action, the Debtor contended that liability for DVL's claims rested not with the Debtor, but with Bath Iron Works Corporation ("BIW"). Accordingly, on October 26, 2017, DVL filed an Amended Complaint in the District Court Action against both the Debtor and BIW. *See* Exhibit B, Twardowski Certification.

5. DVL's Amended Complaint in the District Court Action seeks over $19 million in damages for the cost of PCB remediation at the Kearny Property. DVL asserts statutory causes of action under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9601 *et. seq.,* ("CERCLA"), the New Jersey Spill Compensation and Control Act (the "Spill Act") and New Jersey common law causes of action for public nuisance, negligence, strict liability/abnormally dangerous activities, and unjust enrichment. None of the claims or defenses asserted in the District Court Action are core proceedings and all involve either claims under a federal statute or state common law. The Amended Complaint also contains a timely Jury Demand made by DVL. DVL does not consent to a trial, jury or otherwise, in the bankruptcy court. *See* Exhibit "B", Twardowski Certification at ¶¶ 52-98, p. 18.

6. Since the District Court Action was commenced over three years ago, the District Court, through Magistrate Judge James B. Clark, III, has actively and closely supervised the case,

which has amassed over one hundred and eighty docket entries to date. The District Court conducted multiple status conferences, considered and denied a motion to dismiss and presided over discovery, which included the entry of a Confidentiality Order [docket no. 50], an order governing discovery of Electronically Stored Information [docket no. 52] and orders addressing a multitude of discovery disputes. *See e.g.,* Exhibit "A", Twardowski Certification at docket nos. 61, 65, 119, 136, 141, 149-150, 153, 158, 172 and 176.

7. On September 29, 2019, after the parties to the District Court Action had produced millions of pages of documents and conducted twenty-four fact depositions, fact discovery closed. On February 24, 2020, initial expert reports were exchanged and on June 8, 2020, rebuttal expert reports were exchanged. The parties then scheduled expert depositions to take place in August 2020 and to close on September 16, 2020.

**Debtor's Chapter 11 Filing**

8. On July 13, 2020 (the "Petition Date"), shortly before expert depositions were scheduled to begin in the District Court Action, the Debtor filed its voluntary chapter 11 petition commencing this title 11 case. That filing stayed the District Court Action. *See* Docket. No. 1.

9. On July 22, 2020, DVL filed a motion for relief from the automatic stay (the, "DVL Stay Relief Motion") seeking to permit the adjustment and liquidation of its claims against the Debtor in the District Court Action through either settlement or trial. *See* Docket No. 73.

10. On July 23, 2020, the Debtor filed "Debtor's Motion or Entry of An Order (I) Establishing Deadlines to File Proofs of Claim Against the Debtor, Including But Not Limited To Claims Arising Under Section 503(b)(9) of the Bankruptcy Code, (II) Approving The Form and Manner of Notice of the Bar Dates, and (III) Granting Related Relief." *See*, Docket No. 76-76-4 (the "Bar Date Motion").

11. On August 6, 2020, DVL filed an Objection to the Bar Date Motion (the "DVL Bar Date Objection"), seeking to have the proposed September 21, 2020, general proof of claim bar date sought by the Debtor, extended or tolled as to DVL until after the DVL Stay Relief Motion was heard and after DVL's claims in the District Court Action could be liquidated and determined in the district court. *See* Docket No. 132.

12. On August 13, 2020, the bankruptcy court entered the Bar Date Order, which provides that "all persons and entities . . . that assert a claim (as defined in section 101(5) of the Bankruptcy Code). . . against the Debtor that arose or is deemed to have arisen on or prior to the Petition Date, shall file a proof of such claim in writing so that is actually received on or before October 15, 2020 at 5:00 p.m. (ET) (the 'General Bar Date')." The Bar Date Order was entered expressly without prejudice to DVL's Bar Date Objection and reserved DVL's "right to seek an Order requesting an extension or non-application of the General Bar Date [of October 15, 2020] to file claims against the Debtor's estate or to seek any related relief excusing compliance with this Order." *See* Docket No. 203 at ¶¶ 1, 14.

13. On August 26, 2020, the bankruptcy court entered an "Order Granting DVL, Inc. and DVL Kearny Holdings, LLC Limited Relief From the Automatic Stay" (the "Stay Relief Order") to allow the District Court Action to proceed to a settlement conference before Magistrate Judge Clark. *See* Docket No. 243.

14. On August 26, 2020, after being provided with a copy of the Stay Relief Order by DVL's counsel earlier that day, Magistrate Judge Clark issued a Letter Order scheduling a settlement conference in the District Court Action for September 16, 2020, at 2:00 p.m. *See* District Court Action Docket No. 188.

15. On September 10, 2020, special counsel to the Debtor, Gibbons LLP, submitted a letter to Magistrate Judge Clark stating that the Debtor's insurance carrier, Liberty Mutual Insurance Company ("Liberty"), was "not in a position to engage in substantive settlement discussions on September 16, and that it requires additional time for evaluation of the claims and defenses," and that Liberty and the Debtor therefore were not available for a settlement conference in the District Court Action until September 28 or 29, 2020. DVL submitted a letter to Magistrate Judge Clark opposing the Gibbons LLP letter noting that Liberty had been involved in the District Court Action for a number of years and had no legitimate reason not to proceed to the settlement conference on September 16, 2020, as scheduled. On September 10, 2020, Magistrate Judge Clark issued a Letter Order re-scheduling the settlement conference in the District Court Action from September 16 to September 29, 2020 at 2:00 p.m. *See* District Court Action, Docket No. 191; Twardowski Certification at ¶ 17.

## ARGUMENT

16. The General Bar Date of October 15, 2020, will not allow DVL sufficient time to file a proof of claim in the Debtor's case because it will not allow sufficient time for DVL to (1) resolve the District Court Action through the settlement conference process that will not commence until 2:00 p.m. on September 29, 2020, before Magistrate Judge Clark, or (2) adjudicate and liquidate its claims in the District Court Action through trial if no settlement is reached in the settlement conference. Even under the best of circumstances, the parties to the District Court Action could not possibly reach final settlement terms, document that settlement, and obtain all required approvals for a settlement, including approval of the bankruptcy court pursuant to Fed. R. Bank. P. 9019, before the General Bar Date of October 15, 2020. And if no settlement is reached at the settlement conference before Magistrate Judge Clark, DVL will be required to renew its

prior Stay Relief Motion to obtain full relief from the automatic stay so the District Court Action can proceed to a complete adjudication; a series of steps that cannot possibly be completed by the October 15, 2020, General Bar Date.

17. Filing a proof of claim on or before the General Bar Date could also unfairly prejudice DVL by forcing it to encounter an argument that by doing so it has subjected the entire District Court Action to the equitable process of bankruptcy claims allowance and has waived its right to a jury trial in the district court, a right which it timely and appropriately asserted in the district court almost three years before the Petition Date. *In re Exide Techs.,* 544 F.3d 196, 214 (3d Cir. 2008); *Langenkamp v. Culp*, 498 U.S. 42 (1990); *Granfinanciera, S.A. v. Nordberg*, 442 U.S. 33, 58 (1981); *Kamine/Besicorp Allegany, L.P. v. Rochester Gas & Elec. Co.* (*In re Kamine/Besicorp Allegany, L.P.*), 214 B. R. 953, 966 (Bankr. D.N.J. 1997) *see* Amended Complaint at 18, Exhibit B, Twardowski Certification.

18. To allow DVL, the Debtor and BIW sufficient time to explore and potentially settle the District Court Action and to allow DVL to preserve its right to a jury trial in the district court if no settlement is reached, DVL asks the bankruptcy court to extend or toll the General Bar Date with respect to DVL's claims until such time as DVL is able to (1) agree upon, document and obtain all required approvals for, including approval from the bankruptcy court pursuant to Fed. R. Bankr. P. 9019, and to otherwise effectuate, a settlement of DVL's claims against the Debtor in the District Court Action; or (2) renew its Stay Relief Motion, obtain full relief from the automatic stay and then adjudicate and liquidate its claims against the Debtor through a trial against the Debtor and BIW in the District Court Action. Extending the General Bar Date for DVL will not prejudice the Debtor or its creditors and will not result in any delay of the Debtor's chapter 11 case, notably it will not interfere with the § 363 sale of substantially all the Debtor's assets

currently scheduled for hearing on October 14, 2020. Granting relief from the General Bar Date for DVL is well within the bankruptcy court's authority and discretion. *See* Fed. R. Bankr. Pro. 3003 (c)(3) (the bankruptcy court can fix and, for cause, extend the time within which proofs of claim or interest may be filed).

## NO PRIOR REQUEST

19. While DVL previously filed the DVL Bar Date Objection on August 6, 2020, due to the Debtor's subsequent agreement to set the General Bar Date for October 15, 2020, rather than on September 30, 2020, as originally requested, and the bankruptcy court providing in its Bar Date Order that DVL's right to seek an extension or tolling of the General Bar Date could be renewed without prejudice to DVL, no prior request for the relief sought in this motion has been made to this or any other court. DVL has also acted timely and diligently with respect to this request.

## NO SEPARATE MEMORANDUM OF LAW

20. Given the issue presented and the authorities cited above, DVL has not submitted a separate memorandum of law. *See* D.N.J. LBR 9013-1a.

## NOTICE

21. Notice of this motion has been provided to all of those on the certification of service being filed herewith, as well as upon any party that has requested notice pursuant to Bankruptcy Rule 2002 and which therefore receives electronic notice in this matter.

## CONCLUSION

WHEREFORE, DVL requests that the General Bar Date not be imposed against DVL and/or that it be stayed and/or tolled as to DVL pending (1) a settlement between DVL and the Debtor has been negotiated, agreed to, approved and completed; or (2) until DVL has had sufficient time to re-file the DVL Stay Relief Motion, obtain relief from the automatic stay and obtain a final

adjustment and liquidation of its claims against the Debtor through an adjudication of the District Court Action in a jury trial in the district court.

        Respectfully submitted,

        **ZARWIN BAUM DeVITO KAPLAN SCHAER & TODDY P.C.**

        By: _/s/ Eitan D. Blanc
        Eitan D. Blanc, Esquire
        Anthony R. Twardowski Esquire (*admitted Pro Hac Vice*)
        Earl M. Forte, Esquire (*admitted Pro Hac Vice*)
        Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.
        2005 Market Street, 16th Floor
        Philadelphia, PA  19103
        Phone: (215) 569-2800
        Fax: (215) 569-1606
        Email: edblanc@zarwin.com
                artwardowski@zarwin.com
                emforte@zarwin.com

        Attorneys for DVL, Inc. and DVL Kearny Holdings, LLC

Dated: September 17, 2020