**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| CONGOLEUM CORPORATION, | Case No. 20-18488 (MBK) |
| Debtor[1] | Judge: Hon. Michael B. Kaplan |

**APPLICATION IN LIEU OF MOTION IN SUPPORT OF ENTRY STIPULATION AND CONSENT ORDER AUTHORIZING PAYMENT BY LIBERTY MUTUAL INSURANCE COMPANY ON BEHALF OF CONGOLEUM CORPORATION IN CONNECTION WITH CERTAIN ENVIRONMENTAL DEFENSE COSTS RELATED TO THE LOWER PASSAIC RIVER**

TO:   HONORABLE CHIEF JUDGE MICHAEL B. KAPLAN
      UNITED STATES BANKRUPTCY JUDGE

The above-captioned debtor and debtor-in-possession (the "Debtor"), by and through its undersigned counsel hereby submits this application (the "Application") in support of the entry of the proposed Stipulation and Order authorizing Liberty to pay certain defense costs on the Debtor's behalf under applicable insurance policies in connection with the Debtor's alleged environmental liabilities arising out of the Lower Passaic River Site (the "Stipulation"), a copy of which is attached hereto as **Exhibit A**, and respectfully states as follows:

1. On July 13, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court").

2. Prior to the Petition Date, the Environmental Protection Agency ("EPA") had identified the Debtor as a potentially responsible party ("PRP") with regard to remediation of

---

[1] The last four digits of the Debtor's federal tax identification number are 8678. The Debtor's corporate headquarters is located at 3500 Quakerbridge Road, Mercerville, New Jersey 08619.

1

61003/0001-21500026v2

environmental contamination at the Passaic River in New Jersey based on alleged discharges to the river from a manufacturing facility in Kearny, New Jersey ("Kearny Manufacturing Facility") previously owned by entities named Congoleum.

3. For the past several years, the Debtor and other PRPs have been engaged in an EPA sponsored allocation process (the "OU2 Allocation") intended to assist the parties and the EPA with future settlement negotiations relating to implementation of Operable Unit 2 ("OU2"), the remedy selected for the lower 8.3 miles of the Passaic River. Estimates for completing the Passaic OU2 remediation exceed $1 billion.

4. Prior to the Petition Date, the Debtor and other PRPs submitted a variety of materials to the OU2 Allocator setting forth their respective positions in the OU2 Allocation before the Petition Date. After the Petition Date, a draft OU2 Allocation report was issued and responses to that draft report are due in early November 2020. The OU2 Allocator will issue a final OU2 Allocation report following receipt of participating PRP comments.

5. The OU2 Allocation is conducted pursuant to the confidentiality protections of the Administrative Dispute Resolution Act and all participating parties to the OU2 Allocation executed a confidentiality agreement wherein each participant agreed not to disclose oral and written communications regarding the OU2 Allocation and, therefore, the Debtor may not disclose the findings of the draft OU2 Allocation. The Debtor, however, has comments to the draft OU2 Allocation report that could reduce its alleged share of the OU2 liability and potential claim against the Debtor's estate.

6. The law firm of Dughi Hewit & Domalewski, P.C. ("DH&D") previously represented the Debtor in connection with its participation in the OU2 Allocation before the Petition Date, and has been retained as an ordinary course professional in this case.

7.  Prior to the Debtor's bankruptcy filing, Liberty Mutual Insurance Company ("Liberty") was paying 100% of the Debtor's defense costs in connection with its participation in the OU2 Allocation, subject to a reservation of rights, which included DH&D legal fees and expenses as well as costs arising from the Debtor's membership in the Small Parties Group ("SPG"), which assists members with procedural and substantive issues in the OU2 Allocation and related Passaic River matters.

8.  On September 28, 2020, after an objection having been filed by Bath Iron Works Corporation ("BIW"), the Court entered an interim order [Docket No. 333] granting similar relief, wherein the Court authorized Liberty to pay up to $45,000.00 of defense costs on behalf of the Debtor in connection with the defense against alleged liabilities at other environmental sites, including but not limited to counsel fees incurred by DH&D in connection with DH&D's continued representation of the Debtor's interests with respect to said sites.

9.  Given the need to respond to the OU2 Allocation report in early November, the Debtor requested the consent of the Official Committee of Unsecured Creditors, Liberty and BIW (collectively, the "Parties")[2] to the relief set forth in the Stipulation. The Stipulation authorizes Liberty to pay certain defenses costs up to $75, 000 which defense costs do not reduce or erode limits of liability, without prejudice to the rights of the Debtor to seek payment of defense costs in excess of $75,000 on consent of the Parties without further Court approval.

10. The Debtor, in consultation with its advisors, has determined that it is in the best interests of the Debtor, its estate and creditors to seek authorization for Liberty to pay defense costs applicable to the Passaic OU2 Allocation and permitting DH&D to participate in the

---

[2] The Debtor also shared the Stipulation with counsel for DVL, Inc. and DVL Kearny Holdings, LLC who indicated that they did not have any objection to the terms set forth therein.

remaining allocation proceedings in order to reduce the Debtor's alleged share of the OU2 liability and claims against the Debtor's estate.

11.     This Application is submitted pursuant to D.N.J. Local Bankruptcy Rule 9021-1(b) in lieu of a motion in support of the Debtor's request that the Court enter the Stipulation as presented.

**WHEREFORE**, the Debtor respectfully requests that the Bankruptcy Court enter the Stipulation and grant the parties such other relief as the Bankruptcy Court may deem just and appropriate under the circumstances.

Dated: October 20, 2020

                                            Respectfully submitted,

                                            **COLE SCHOTZ P.C.**
                                            Counsel for Debtor and Debtor-in-Possession

By:     */s/ Felice R. Yudkin*
        Felice R. Yudkin, Esq.
        Court Plaza North
        25 Main Street
        P. O. Box 800
        Hackensack, NJ  07602-0800
        Telephone (201) 489-3000
        Facsimile (201) 489-1536