**THOMPSON HINE LLP**
Jeremy M. Campana, Esq.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
T: (216) 566-5936 / F: (216) 566-5800
jeremy.campana@thompsonhine.com

*Attorney for Ashland, LLC, International*
*Specialty Products Inc. and*
*Givaudan Fragrances Corporation*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE:** <br><br> **CONGOLEUM CORPORATION,** <br><br> Debtor. | **CHAPTER 11** <br><br> **CASE NO. 20-18488 (MBK)** |
| **BATH IRON WORKS CORPORATION,** <br><br> Plaintiff, <br><br> v. <br><br> **CONGOLEUM CORPORATION,** <br><br> Defendant. | **ADV. PROC. NO. 20-01439 (MBK)** |

**OBJECTION TO THE OFFER OF PROOF IN SUPPORT OF**
**PROPOSED FINDINGS PURSUANT TO SETTLEMENT AGREEMENT**
**AND PARTIAL JOINDER TO THE EVIDENTIARY OBJECTIONS OF DVL, INC.**

Ashland, LLC, its subsidiary International Specialty Products Inc. (collectively, "Ashland"), and Givaudan Fragrances Corporation ("Givaudan" and together with Ashland, the "Environmental Claimants"), by and through their undersigned counsel, hereby submit their objection ("the "Objection") to the Offer of Proof in Support of Proposed Findings Pursuant to Settlement Agreement ("Offer of Proof") filed by Bath Iron Works Corporation ("BIW") (Dkt.

No. 501) and partial joinder to the evidentiary objections of DVL, Inc. to the Offer of Proof (Dkt. No. 565).

The Offer of Proof is submitted as evidentiary support for the findings requested in the (i) Motion for Entry of an Order Approving a Settlement Agreement pursuant to Fed. R. Bankr. P. 9019 by and between Congoleum Corporation ("Debtor") and BIW (the "Settlement Motion") (Dkt. No. 483), and (ii) the Memorandum of Law in Support of the Entry of an Order Containing Findings Set Forth in the Offer of Proof filed by Bath Iron Works Corporation (the "BIW Memo") (Dkt. No. 546).

The Environmental Claimants intend to object the preclusive findings requested in the Settlement Motion and the BIW Memo on December 18, 2020, arguing, *inter alia*,[1] that the Court should reject the findings because they are not necessary to resolve the Settlement Motion and exceed the intended scope of Federal Rule of Bankruptcy Procedure 9019. *See In re W.R. Grace & Co.*, 475 B.R. 34, 77-78 (D. Del. 2012) ("In analyzing the compromise or settlement agreement under the *Martin* factors, courts should not have a 'mini-trial' on the merits, but rather it should canvass the issues and see whether the settlement falls below the lowest point in the range of reasonableness."). *See In re Novapro Holdings, LLC*, 2019 U.S. Dist. LEXIS 49047, at *11-12 (D. Del. 2019) ("The bankruptcy court need not, however, conclusively determine claims subject to a compromise, nor must the court have all of the information necessary to resolve the factual dispute, for by doing so, there would be no need of settlement.").

Accordingly, the Environmental Claimants object to the documents and other referenced evidence contained in the Offer of Proof as superfluous and irrelevant to proper resolution the

---

[1] An additional objection to the Settlement Motion related to the Offer of Proof is the lack of due process for parties impacted or potentially impacted by the requested findings. The nearly 4000 pages of evidence filed during the one-month period that the Settlement Motion is pending goes to the heart of why due process is lacking for the Court to make the proposed preclusive findings through motion practice as opposed to an adversary proceeding seeking a declaratory judgment.

Settlement Motion.  The Environmental Claimants also join in the evidentiary objections submitted by DVL, Inc. (Dkt. No. 565).

The Environmental Claimants reserve the right to amend or withdraw this Objection and join in any other objections that may be filed in connection with the Offer of Proof.

Dated:  December 17, 2020

Respectfully Submitted,

By: */s/ Jeremy M. Campana*
    Jeremy M. Campana
    **THOMPSON HINE LLP**
    3900 Key Center
    127 Public Square
    Cleveland, Ohio 44114-1291
    T: (216) 566-5936 / F: (216) 566-5800
    Jeremy.Campana@ThompsonHine.com

    *Attorney for Ashland, LLC, International Specialty Products Inc. and Givaudan Fragrances Corporation*

**THOMPSON HINE LLP**
Jeremy M. Campana, Esq.
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
T: (216) 566-5936 / F: (216) 566-5800
jeremy.campana@thompsonhine.com

*Attorney for Ashland, LLC, International*
*Specialty Products Inc. and*
*Givaudan Fragrances Corporation*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **IN RE:** <br><br> **CONGOLEUM CORPORATION,** <br><br> Debtor. | **CHAPTER 11** <br><br> **CASE NO. 20-18488 (MBK)** |
| **BATH IRON WORKS CORPORATION,** <br><br> Plaintiff, <br><br> v. <br><br> **CONGOLEUM CORPORATION,** <br><br> Defendant. | **ADV. PROC. NO. 20-01439 (MBK)** |

**CERTIFICATE OF SERVICE**

1.     I, Jeremy Campana, am counsel for Ashland, LLC, International Specialty Products Inc. and Givaudan Fragrances Corporation.

2.     On December 17, 2020, I sent a copy of the following pleadings and/or documents to the parties and in the manner listed in the chart below:

4

OBJECTION TO THE OFFER OF PROOF IN SUPPORT OF PROPOSED FINDINGS PURSUANT TO SETTLEMENT AGREEMENT CORPORATION AND PARTIAL JOINDER TO THE EVIDENTIARY OBJECTIONS OF DVL, INC.

3. I certify under penalty of perjury that the above documents were sent using the mode of service indicated.

Date: December 17, 2020                    /s/ Jeremy M. Campana
                                            Signature

| Name and Address of Party Served | Relationship of Party to the Case | Mode of Service |
|---|---|---|
| Warren A. Usatine, Esq.<br>Felice R. Yudkin, Esq.<br>Rebecca W. Hollander, Esq.<br>**Cole Schotz P.C.**<br>25 Main Street, P.O. Box 800<br>Hackensack, New Jersey 07602-0800 | Attorneys for the Debtor | Other Electronic Filing through CM/ECF as authorized by Fed R. Bankr. P. 8011(c)(2) |
| Margaret McGee, Esq.<br>Jeffrey M. Sponder, Esq.<br>**U.S. Dept. Of Justice- Office of U.S. Trustee**<br>One Newark Center<br>1085 Raymond Blvd., Ste. 21st Floor<br>Newark, NJ. 17102 | U.S. Trustee | Other Electronic Filing through CM/ECF as authorized by Fed R. Bankr. P. 8011(c)(2) |
| Mary E. Seymour, Esq.<br>Jeffrey d. Prol, Esq.<br>Bruce S. Nathan, Esq.<br>Jennifer Kimble, Esq.<br>**Lowenstein Sandler LLP**<br>One Lowenstein Drive<br>Roseland NJ, 07068<br>And<br>1251 Avenue of the Americas<br>New York, NY 10020 | Proposed counsel to the Official Committee of Unsecured Creditor | Other Electronic Filing through CM/ECF as authorized by Fed R. Bankr. P. 8011(c)(2) |

| Daniel M. Stolz, Esq.<br>Donald W. Clarke, Esq.<br>**WASSERMAN, JURISTA & STOLZ, P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920 | Counsel for Bath Iron Works Corporation | Other Electronic Filing through CM/ECF as authorized by Fed R. Bankr. P. 8011(c)(2) |
|---|---|---|
| Wade A. Thomson, Esq.<br>Catherine L. Steege, Esq, Esq.<br>Michael A. Doornweerd, Esq.<br>**JENNER & BLOCK, LLP**<br>353 N. Clark Street<br>Chicago, IL 60654 | Counsel for Bath Iron Works Corporation | Other Electronic Filing through CM/ECF as authorized by Fed R. Bankr. P. 8011(c)(2) |
| All other parties receiving electronic notification through the Court's CM/ECF system | | Other Electronic Filing through CM/ECF as authorized by Fed R. Bankr. P. 8011(c)(2) |