| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>**WASSERMAN, JURISTA & STOLZ P.C.**<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>(973) 467-2700<br>*Local Counsel for Bath Iron Works Corporation*<br>**DANIEL M STOLZ, ESQ.**<br>**DONALD W. CLARKE, ESQ.**<br><br>**JENNER & BLOCK LLP**<br>353 N. Clark Street<br>Chicago, IL 60654-3456<br>(312) 222-9350<br>*Counsel for Bath Iron Works Corporation*<br>**WADE A. THOMSON, ESQ.**<br>**CATHERINE STEEGE, ESQ.**<br>**MICHAEL A. DOORNWEERD, ESQ.** | |
| In re:<br><br>CONGOLEUM CORPORATION[1],<br><br>Debtor. | Chapter 11<br><br>Case No. 20-18488 (MBK)<br><br>Judge: Hon. Michael B. Kaplan |

**BATH IRON WORKS CORPORATION'S EVIDENTIARY OBJECTIONS AND COUNTER DESIGNATIONS IN OPPOSITION TO DVL, INC. AND DVL KEARNY HOLDINGS LLC'S OBJECTIONS AND COUNTER DESIGNATIONS**

In response to DVL, Inc. and DVL Kearny Holdings, LLC's (collectively, "**DVL**") evidentiary objections and counter designations to Bath Iron Works Corporation's ("**BIW**") Offer of Proof in Support of the Motion for an Order Approving the Settlement Agreement between BIW

---

[1] The last four digits of the Debtor's federal tax identification number are 8678. The Debtor's corporate headquarters is located at 3500 Quakerbridge Road, Mercerville, New Jersey 08619.

1

and Congoleum Corporation ("**Congoleum**") (Dkt. No. 501), BIW submits its evidentiary objections and counter designations.

I.  **Responses to DVL's Objections**

First, DVL and BIW agree that this Court can and should take judicial notice of publicly filed documents, including those filed in Congoleum's first bankruptcy proceeding, *In re Congoleum Corporation*, 03-51524 (KCF) (the "**First Bankruptcy Case**"). (See Dkt. No. 565 at 8.) *See, e.g., Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F.Supp.2d 241, 252 (D.N.J.2011) ("the court may take judicial notice of public records . . . pleadings and other documents . . . filed by a party in other judicial proceedings"); *In re Ideal Mortg. Bankers, Ltd*, 539 B.R. 213, 216 (Bankr. E.D.N.Y. 2015) ("The Court is permitted to take judicial notice of publicly-filed documents."); *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir.2003) (noting that courts may take judicial notice of public filings).  As a result, 25 of the documents BIW intends to put into evidence at the hearing are without objection.

Second, per the Joint Order Scheduling Pre-Hearing Procedures entered on December 14, 2020 (Dkt. No. 555), any evidentiary objections to BIW's Offer of Proof exhibits and designations were required to be filed on Thursday, December 17, 2020.  Notwithstanding the obligation to do so, DVL only specifically objected to passages from Congoleum's 30(b)(6) Deposition of Christopher O'Connor, none of which BIW designated as evidence.  Accordingly, there is no objection for the Court to resolve with respect to those objections, and no other deposition or document is objected to with particularity by any party, and therefore the Court should admit BIW's proffered evidence and deposition designations into evidence without objection.

## II. BIW's Documentary Reply Proof

In response to the documentary evidence proffered by DVL, BIW submits the following documents in reply, each attached hereto:

- December 21, 2018 letter from Brandywine Group on behalf of Century Indemnity Company to Dan Ferguson at BIW regarding insurance coverage, attached hereto as Exhibit A. This document was produced in the DVL Lawsuit and used and admitted in the Rule 30(b)(6) deposition of Howard Feist. BIW submits this document in response to DVL's assertions that the 2010 Confirmation Order did not preclude the claims against BIW in the DVL Lawsuit.

- Congoleum's Opposition to BIW's Motion to Dismiss, filed in the DVL Lawsuit on January 1, 2018 (DVL Lawsuit, Dkt. No. 33), attached hereto as Exhibit B. BIW submits this document for completeness, as DVL submitted portions of the briefing on BIW's Motion to Dismiss.

- BIW's Reply in Support of its Motion to Dismiss, filed in the DVL Lawsuit on January 29, 2018 (DVL Lawsuit, Dkt. No. 36), attached hereto as Exhibit C. BIW submits this document for completeness, as DVL submitted portions of the briefing on BIW's Motion to Dismiss.

## III. BIW's Objections and Counter Designations to DVL's Deposition Designations

BIW sets forth the following objections and counter designations to DVL's designations:

| Deponent, Title, Deposition Date | DVL Counter Designations with BIW Objections in Brackets | BIW Counter Deposition Designations |
|---|---|---|
| Edward Bramson, Hillside Capital LLC Executive October 16, 2019 | 28:19-23<br>32:1-2<br>32:3-14<br>34:5-18 [DVL highlighted these lines, but did not list in their designations; BIW objects based on parol evidence and form]<br>35:5-18<br>36:9-15 [BIW objects based on parol evidence and form]<br>37:1-2 [BIW objects based on parol evidence and form]<br>54:15-55:2 [BIW objects based on parol evidence and form]<br>70:22-71:1<br>72:1-10<br>80:13-81:14 | |

| Deponent, Title, Deposition Date | DVL Counter Designations with BIW Objections in Brackets | BIW Counter Deposition Designations |
|---|---|---|
| BIW 30(b)(6) - Brent West, BIW Project Manager September 26, 2019 | 46:10-47:16<br>49:23-50:1<br>51:6-54:5<br>55:14-58:4 [BIW objects that this testimony is outside scope of designated topics under FRCP 30(b)(6); BIW also objects based on lack of personal knowledge under FRE 602]<br>116:10-118:17<br>123:13-129:10 | 78:03-79:14 |
| Congoleum 30(b)(6) - Howard Feist, Congoleum's Former CFO September 12, 2019 | | 26:18-27:12<br>111:5-114:4<br>149:17-150:3<br>152:2-13 |
| Congoleum 30(b)(6) – Christopher O'Connor, Congoleum CEO August 28-29, 2019 | 3:5 [this is an exhibit page to dep transcript; unclear what DVL is citing]<br>32:3-12 [BIW objects based on parol evidence]<br>36:21-37:13<br>346:19-347:5 [BIW agrees with DVL that Mr. O'Connor has no personal knowledge to testify to 1986 transactions]<br>393:13-18<br>398:2-399:4 [BIW agrees with DVL that Mr. O'Connor has no personal knowledge to testify to 1986 transactions]<br><br>*DVL's objections are not to BIW designations.* | |
| Howard Feist, Congoleum's Former CFO May 21, 2019 | 80:8-84:4 [listed but not highlighted by DVL; no objection]<br>168:8-21 [highlighted but not listed by DVL; BIW objects based on relevance and lack of foundation as witness only states "I don't think so" and previously acknowledged that he was not involved in all legal counsel discussions re settlement provisions such as the one discussed in this exchange] | 84:5-22 [for completeness]<br>123:4-14<br>148:24-149:24<br>162:18-163:16<br>167:3-21<br>168:22-169:23 |

| Deponent, Title, Deposition Date | DVL Counter Designations with BIW Objections in Brackets | BIW Counter Deposition Designations |
|---|---|---|
| Donald Golemme, Congoleum's Former Risk Manager May 17, 2019 | 33:21-24<br>37:19-22<br>41:15-19<br>60:11-61:8<br>165:11-166:11<br>168:8-21<br>174:4-6 [BIW objects to lack of foundation and counter designates 174:18-21 which shows lack of foundation]<br>179:1-20<br>181:4-9<br>184:13-22<br>195:7-19<br>204:14-21<br>259:14-260:14<br>266:17-267:3 [BIW objects based on lack of foundation and legal conclusion (*see* 268:21-269:21); if DVL's designation is admitted, BIW counter designates 265:22-266-15 for completeness]<br>268:10-20 [BIW objects based on lack of foundation and legal conclusion (*see* 268:21-269:21); if DVL's designation is admitted, BIW counter designates 265:22-266-15 for completeness]<br>269:22-270:1 [BIW objects based on lack of foundation and legal conclusion (*see* 268:21-269:21); if DVL's designation is admitted, BIW counter designates 265:22-266-15 for completeness] | 33:17-20<br>33:23-34:1<br>174:18-21 [showing lack of foundation for DVL's designation at 174:4-6]<br>265:22-266:15 [for completeness, only if the Court admits 266:17-267:3 and/or 269:22-270:1] |
| Theresa Garrod, Congoleum's former Director of Environmental Affairs September 5, 2019 | 70:23-71:21<br>91:23-93:18<br>208-209:18 [to the extent DVL offers, BIW objects based on form/lack of foundation] | |

| Deponent, Title, Deposition Date | DVL Counter Designations with BIW Objections in Brackets | BIW Counter Deposition Designations |
|---|---|---|
| Gregory Milmoe, Partner at Skadden Arps<br>September 11, 2019 | 88:4-25<br>90:4-91:7<br>94:5-95:24<br>98:8-99:20<br>113:18-114:7 [BIW objects based on relevance of attorney colloquy]<br>127:21-128:12<br>139:7-14 [BIW objects based on relevance]<br>152:6-22<br>174:4-14<br>180:6-181:13 | 89:1-4 [for completeness]<br>138:19-139:6<br>182:16-184:18<br>185:19-186:21 |
| BIW 30(b)(6) - Daniel Ferguson, BIW's Risk Manager<br>August 23, 2019 | 76:5-25<br>80:8-84:4<br>93:3-94:13<br>168:8-21 [there is no such page in deposition, which ends on page 132] | |
| Congoleum 30(b)(6) – Michael Sapienza, Former Congoleum Employee<br>July 30, 2019 | | 223:15-226:5 |

## IV.    BIW's Witnesses

BIW reserves the right to call any and all witnesses on rebuttal, even if not listed above or below. BIW intends to present the declaration of Dan Ferguson (Dkt. No. 501-11) as evidence, and reserves the right to supplement the declaration with live testimony, and BIW will present Mr. Ferguson for cross-examination.

**V.     BIW's Proposed Evidence**

As described at the pre-trial hearing in this matter on December 11, 2020, and as further stated in BIW's Reply in Support of its Memorandum of Law in Support of BIW's Offer of Proof (Dkt. No. XX, "**Reply Memo**"), BIW identifies the evidence listed in Section V of its Offer of Proof (Dkt. No. 501) for possible use as rebuttal evidence only. As explained in its Reply Memo, BIW's position is that the Court can and should determine the meaning of the 2010 Confirmation Order (as defined in Dkt. No. 501) without resort to the evidence listed in Section V of the Offer of Proof. The 2010 Confirmation Order is not ambiguous and this Court need look no further than the four corners of the 2010 Confirmation Order, and the context of those bankruptcy proceedings, to find that the 2010 Confirmation Order means exactly what it says: that BIW is not responsible for any of the liabilities of the Congoleum.

Yet, if the Court does wish to look at the broader context of the parties 1986 transactions and their subsequent business dealings, as DVL and Congoleum previously contended is necessary, that analysis confirms what the plain text of the 2010 Confirmation Order—that BIW is not responsible for any of the liabilities of the Congoleum Flooring Business—and BIW is prepared to offer the evidence submitted in Section V of its Offer of Proof to prove that the context surrounding the First Bankruptcy Case supports this conclusion.

| | |
|---|---|
| Dated:  December 21, 2020 | Respectfully submitted,<br><br>*/s/ Daniel M. Stolz*<br>Daniel M. Stolz<br>WASSERMAN, JURISTA & STOLZ<br>110 Allen Road, Suite 304<br>Basking Ridge, NJ 07920<br>(973) 346-7600<br><br>Ralph J. Marra<br>Eric T. Kanefsky<br>CALCAGNI & KANEFSKY, LLC<br>1085 Raymond Blvd.<br>14th Floor<br>Newark, NJ 07102<br>(862) 397-1796<br><br>Catherine L. Steege (*pro hac vice*)<br>Michael A. Doornweerd (*pro hac vice*)<br>Wade A. Thomson (*pro hac vice*)<br>JENNER & BLOCK LLP<br>353 N. Clark Street<br>Chicago, IL 60654<br>(312) 222-9350<br><br>*Attorneys Bath Iron Works Corporation* |