UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Eitan D. Blanc, Esquire
Anthony R. Twardowski Esquire (*admitted Pro Hac Vice*)
Earl M. Forte, Esquire (*admitted Pro Hac Vice*)
**Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.**
2005 Market Street, 16th Floor
Philadelphia, PA 19103
215-569-2800
edblanc@zarwin.com
artwardowski@zarwin.com
emforte@zarwin.com

*Counsel for DVL, Inc. and DVL Kearny Holdings, LLC*

| | |
|---|---|
| In Re:<br><br>CONGOLEUM CORPORATION,<br><br><br>        Debtor.[1] | Chapter 11<br><br><br>Case No. 20-18488 (MBK) |
| Bath Iron Works Corporation,<br>        Plaintiff<br><br>v.<br><br>Congoleum Corporation,<br>        Defendant | Adv. Pro. No.: 20-01439 (MBK)<br><br>Judge: Honorable Michael B. Kaplan<br><br>Hearing Date: January 8, 2020 at 11:00 A.M. |

**OBJECTIONS OF DVL, INC. AND DVL KEARNY HOLDINGS, LLC TO DEBTOR'S FIRST AMENDED JOINT PLAN OF LIQUIDATION OF CONGOLEUM CORPORATION AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CONGOLEUM <u>CORPORATION PURSUANT TO CHAPTER 11 OF THE BANKRUPTCY CODE</u>**

---

[1] The last four digits of the Debtor's federal tax identification number are 8678.  The Debtor's corporate headquarters is located at 3500 Quakerbridge Road, Mercerville, New Jersey 08619.

DVL, Inc. and DVL Kearny Holdings, LLC (together, "DVL"), creditors and parties-in-interest in this chapter 11 proceeding of Debtor, Congoleum Corporation (the "Debtor" or "Congoleum"), object to the "First Amended Joint Plan of Liquidation of Congoleum Corporation and the Official Committee of Unsecured Creditors of Congoleum Corporation Pursuant to Chapter 11 of the Bankruptcy Code" (the "Plan") [docket nos. 456].

## I.      Introduction

Other than as set forth below, while DVL does not *per se* object to the Plan to the extent it proposes a liquidation of the Debtor, DVL objects to the definitions and wording of the Plan to the extent they release or enjoin actions again Bath Iron Works Corporation ("BIW") due to BIW's prior affiliation with the Debtor.  BIW and its predecessors should not be provided releases or injunctions within the Plan.

Further, DVL objects strenuously, as it has throughout these proceedings, to those aspects of the Plan that relate to or adopt any aspect of the BIW Settlement,[2] which has now been denied by the Court orally on January 4, 2021 (with a written opinion to follow).  Since the Court has denied the Settlement Motion in its entirety, any references thereto in the Plan are improper and must be deleted.

## II.     Objections to Plan Provisions and Definitions

Definition 95 in the Plan includes "Affiliates, subsidiaries" of the Debtor.  Plan at 10, Bankruptcy Dkt. 456.  The definition also includes predecessors. *Id.* The definition of "Affiliate" in definition 3 includes any other Entity that directly or indirectly, through one or more intermediaries, controls, is controlled by, or is under common control with, such specified Entity. Plan at 1.  As described below in section IV, the Debtor and BIW were at one time under common control of a parent corporation, and BIW is the successor by merger to entities that were parent corporations of

---

[2] Bankruptcy Dkt. 20-8488-MBK Dkt No. 483 *et. seq.;* Adversary Proceeding Dkt No. 20-01439

the Debtor.

Based on the above, BIW may be considered to be a former Affiliate and therefore within the definition of a Released Party, as currently defined in the Plan.  Further, entities such as Congoleum-Nairn, Inc. which may be predecessors of both the Debtor and BIW may fall within the definition of a Released Party, even where BIW holds the liabilities flowing from the predecessor entity/entities. Released Parties are also specifically mentioned as being covered by the Consensual Third-Party Releasees in § D. 2. of the Plan and also the Injunction in §  E. of the Plan.  *Id*.  Plan at 35-37.

BIW should not receive a release either directly, or through a release of its predecessors, nor should it receive the benefit of the Plan injunction and DVL further objects to the Plan to the extent it provides for such relief to BIW as an improper third-party release of BIW.  *Gillman v. Continental Airlines (in re Continental Airlines)*, 203 F. 3d at 205, 211.  Moreover, this Court has granted DVL relief from the automatic stay to permit the DVL Lawsuit to proceed. Dkt. No. 618.  Accordingly, the Plan should specify that DVL may pursue the Debtor (nominally), BIW, and all other liable parties, including all applicable insurance proceeds, in the DVL Lawsuit.  *In re Downey Fin. Corp*., 428 B. R. 595. 602 (Bankr. D. Del. 2010); *In re Scott Wetzel Services*, 243 B. R. 802, 804-05 (Bankr. M. D. Fla. 1999).

**III.      Argument as to the Settlement Motion**

DVL objects to the Plan to the extent the Plan incorporates and/or relies on the settlement between BIW and the Debtor, which has now been denied by the Court after extensive briefing and argument, which DVL incorporates herein.  As such, inclusion of the failed settlement in the Plan is improper.   DVL was prepared to assert a lengthier objection in line with its arguments against the settlement (*see e.g.* Dkt 572), but those arguments are no longer necessary because the settlement has been denied.

## IV.    Corporate History

As recited in the DVL Lawsuit,[3] Congoleum-Nairn, Inc. ("Congoleum-Nairn") operated a flooring-manufacturing facility in Kearny, New Jersey (the "Kearny Plant").[4] Congoleum-Nairn and its successors subsequently subdivided the Kearny Plant property into separate parcels and sold them to various purchasers, including the DVL Parcel, which was sold in 1960. Congoleum-Nairn thereafter went through mergers and name changes, and by 1984, its successor was part of a conglomerate headed by the parent company Congoleum Industries, Inc. ("CII"). At that time, the historic liabilities from the Kearny Plant rested within a CII subsidiary named "Congoleum Corporation," which has been referred to throughout the DVL Lawsuit as "1984 Congoleum." *See DVL, Inc. v. Congoleum Corp.,* 2018 U.S Dist. LEXIS at * 5. The flooring business was a division within 1984 Congoleum, while BIW was a wholly-owned subsidiary of 1984 Congoleum.

BIW and 1984 Congoleum merged as part of the 1986 transactions, with BIW emerging as the surviving corporation expressly inheriting all responsibilities and liabilities of 1984 Congoleum. *See* Articles of Merger of Congoleum Corporation into Bath Iron Works Corporation, BIW022536-022540; BIW022540, ¶6. A purchaser, TG Holding, then bought CII and BIW and, after a series of name changes and mergers between CII, BIW and the purchaser, present day BIW again became the surviving entity. *See* GGVA Merger Agreement, BIW22000-BIW022137; Certificate of Merger of Bath Acquisition Corp into BIW Industries Inc. (formerly Congoleum Industries, Inc.), SA CNGLM 005340-005345; Articles of Merger of Bath Acquisition Corp. and BIW, Exhibit 15 to deposition of J. Gregory Milmoe.

---

[3] 2:17-CV-04261 United States District Court for the District of New Jersey
[4] The DVL Parcel is a portion of the former Kearny Plant property.

## VI.      Conclusion

The Plan should not be confirmed because the term Released Parties is overbroad and improperly includes BIW and potentially other former affiliates as well as predecessors of BIW. The Plant also should not be confirmed due to its incorporation of the BIW Settlement, which has been denied.

Respectfully submitted,

Dated: January 4, 2021

/s/*Eitan D. Blanc*
Eitan D. Blanc, Esq.
Anthony R.  Twardowski, Esq. (admitted *pro hac vice)*
Earl M. Forte, Esq. (admitted *pro hac vice*)
**Zarwin Baum DeVito Kaplan Schaer Toddy, P.C.**
One Commerce Square
2005 Market Street, 16th Floor
Philadelphia, PA 19103
Tel: (215) 569-2800
E-mail: edblanc@zarwin.com
artwardowski@zarwin.com
emforte@zarwin.com